RAYMOND A. HARVEY *vs.* LEE E. HARVEY & another.[1] February 10, 1997. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Consolidation of actions.

This is an appeal from a judgment of a single justice of this court denying a petition under G. L. c. 211, § 3. The main relief sought by the petitioner was an order compelling the Probate and Family Court for Essex County to schedule a trial forthwith in his then-pending divorce action. That aspect of the petition has become moot because the divorce case was tried and a judgment entered while this appeal has been pending.

[1]Mark R. Keefe.

The petitioner also sought an order from the single justice consolidating the divorce action and a tort action that the petitioner had commenced in the Superior Court for Essex County. That request was properly denied because the petitioner failed to demonstrate that there was no other avenue by which he could have sought consolidation. See *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019 (1996) ("Relief under G. L. c. 211, § 3, is properly denied where there are adequate and effective routes other than c. 211, § 3, by which the petitioning party may seek relief"); *Martineau* v. *Department of Correction*, 423 Mass. 1007 (1996); *Maza* v. *Commonwealth*, 423 Mass. 1006 (1996); *McGuinness* v. *Commonwealth*, 420 Mass. 495, 497 (1995).

The petitioner's attempt to shift the focus of his appeal — he now asks the full court to order the trial court to bring to a speedy conclusion both the tort case and a motion for a new trial that he has filed in the divorce case — must fail. The requests he now makes were not before the single justice and are beyond the scope of this appeal.

The portion of this appeal challenging the single justice's denial of the petitioner's request for an order compelling a trial forthwith in the divorce case shall be dismissed as moot. The portion of the single justice's judgment denying the request for an order consolidating the tort action with the divorce case shall be affirmed.

*So ordered.*

*Raymond A. Harvey*, pro se.