ANINA RASTEN *vs.* NORTHEASTERN UNIVERSITY. July 12, 2000. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Moot Question.*

Anina Rasten appeals from a judgment of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3. We dismiss the appeal as moot.

The relevant facts are as follows. On the day she was to appear in the Boston Municipal Court for a hearing on assessment of damages in a collection case then pending against her, Rasten appeared and requested a continuance. Her request was denied. Rasten immediately filed a petition in the county court pursuant to G. L. c. 211, § 3, seeking a continuance. The single justice denied the petition without a hearing.

The limited matter before us — Rasten's appeal from the single justice's judgment — is moot because the hearing that she sought to have continued took place as scheduled. Even if we were to consider Rasten's appeal on the merits, she would fare no better. The single justice correctly denied her petition because she failed to demonstrate that the Boston Municipal Court judge's denial of a continuance could not have been adequately remedied through an appeal from any adverse final judgment or by an appropriate postjudgment motion. See *Hines* v. *Superior Court,* 423 Mass. 1005, cert. denied, 519 U.S. 984 (1996); *Hines* v. *Commonwealth,* 423 Mass. 1004, cert. denied, 519 U.S. 984 (1996).

Rasten has also failed in this appeal to meet her obligations under S.J.C. Rule 2:21, 421 Mass. 1303 (1995). She did not file her notice of appeal within seven days of the single justice's judgment, nor did she submit the preliminary memorandum and appendix that the rule requires. Failure to comply with the rule in a case where it applies is a separate and sufficient reason for us to decline to disturb the single justice's judgment. *Gorod* v. *Tabachnick,* 428 Mass. 1001, 1001 n.2, cert. denied, 525 U.S. 1003 (1998).

*Appeal dismissed.*

*Karen Wisniowski,* for the defendant, was present but did not argue.

*Anina Rasten,* pro se.