LLOYD MATTHEWS & others[1] vs. SUPERINTENDENT, MASSACHUSETTS CORRECTIONAL INSTITUTION, CEDAR JUNCTION, & others.[2] January 24, 2003. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Record.

The petitioners appeal from the denial of their petition pursuant to G. L. c. 211, § 3, by a single justice of this court. We affirm.

The petitioners sought an order compelling the Superior Court to resolve a pending motion for a preliminary injunction in an underlying declaratory judgment action. They claimed that, despite repeated requests, the court had failed to rule on the motion for over three years.[3]

---

[1]Victor Davila; John Oliveira, Jr.; Nathaniel Bilal Ahmad, Third; and Saifullah Abdul Alazim.

[2]Former officials at the prison.

[3]In the memorandum in support of their petition, the petitioners also asserted that

As we have stated repeatedly, it is the petitioners' obligation to "create a record — not merely . . . allege but . . . demonstrate, i.e., . . . provide copies of the lower court docket entries and any relevant pleadings, motions, orders, recordings, transcripts, or other parts of the lower court record necessary to substantiate [the] allegations." *Lu* v. *Boston Div. of the Hous. Court Dep't*, 432 Mass. 1005, 1005 (2000), quoting *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1003, cert. denied, 525 U.S. 1001 (1998). Here, the petition fell far short of that standard. Indeed, the petitioners failed to provide the single justice with copies of their complaint in the underlying action and the motion they wanted resolved. In the absence of an adequate record, denial of the G. L. c. 211, § 3, petition was appropriate. See *Russell* v. *Nichols*, 434 Mass. 1015, 1016 (2001) ("single justice was not required, on the limited facts before her, to grant the relief sought"); *Matthews* v. *D'Arcy*, 425 Mass. 1021 (1997) (earlier petition filed by Matthews properly denied where he had failed to satisfy his "duty to substantiate his allegation").[4]

*Judgment affirmed.*

The case was submitted on briefs.

*Lloyd Matthews*, pro se.

*David J. Rentsch* for the defendants.

civil cases filed by prisoners in Suffolk County are systematically ignored. However, the relief requested in the petition was limited to an order requiring the Superior Court either "to rule upon or schedule a hearing upon, their motion" for a preliminary injunction. Even if the systemic claim were properly asserted, it would fail because the petitioners did not substantiate it. Rather, they relied only on anecdotal evidence of one petitioner's experience and bare allegations that other prisoners have had similar experiences.

[4]Moreover, the Superior Court has recently decided the preliminary injunction motion that was the primary subject of the petition. Therefore, the appeal is moot. See, e.g., *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001) ("The limited matter before us — Rasten's appeal from the single justice's judgment — is moot because the hearing that she sought to have continued took place as scheduled"). The petitioners may, of course, appeal from the Superior Court's order to the Appeals Court, pursuant to G. L. c. 231, § 118, second par.