# RESCRIPT OPINIONS.

LESLIE A. REDDICK vs. COMMONWEALTH. March 26, 2003. *Supreme Judicial Court,* Superintendence of inferior courts.

Leslie A. Reddick appeals from the denial of his petition pursuant to G. L. c. 211, § 3, without a hearing, by a single justice of this court. The Commonwealth filed a motion to dismiss Reddick's appeal, asserting, among other things, that he "had adequate and effective remedies other than G. L. c. 211, § 3 by which to seek and obtain the requested relief." We agree and therefore affirm the single justice's judgment.

In his petition, Reddick claimed that the Superior Court judge erred by issuing a memorandum and order stating that he declined to act on Reddick's motion for a new trial. Reddick asserted that the judge's decision was insufficiently definite to permit him to seek leave to appeal pursuant to G. L. c. 278, § 33E. He contended that he was entitled to a "more definite order" and requested that the single justice require the judge to issue one.

"Relief under G. L. c. 211, § 3, is available only in extraordinary circumstances." *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't,* 435 Mass. 136, 137 (2001). There are no such circumstances here. Reddick could have sought leave to appeal from the judge's original memorandum of decision and order, which effectively denied his motion for a new trial. See, e.g., *Commonwealth* v. *Conceicao,* 388 Mass. 255, 257 (1983) (treating judge's decision to decline to act as effectively denying motion); *Commonwealth* v. *Facella,* 42 Mass. App. Ct. 354, 355 (1996) (same). Any confusion about Reddick's ability to seek leave to appeal stemming from the judge's declining to act, was certainly dispelled when the judge affirmatively denied Reddick's motion for reconsideration. Reddick, therefore, had no need for a "more definite order" and relief pursuant to G. L. c. 211, § 3, would have been inappropriate.[1]

*Judgment affirmed.*

The case was submitted on briefs.

*Leslie A. Reddick,* pro se.

*Christina E. Miller,* Assistant District Attorney, for the Commonwealth.

---

[1] In papers filed with the full court, Reddick claims that the alleged failure of the Superior Court clerk's office to notify him of certain decisions by the judge "deprived [him] of his substantive right to timely file a notice of appeal." This claim was not before the single justice and is, therefore, beyond the limited scope of this appeal. *Harvey* v. *Harvey,* 424 Mass. 1009, 1010 (1997).