ANINA RASTEN *vs.* COMMONWEALTH. April 4, 2003. *Supreme Judicial Court,* Superintendence of inferior courts.

Anina Rasten appeals from the denial of her petition pursuant to G. L. c. 211, § 3, by a single justice of this court. We affirm.

Rasten's petition is virtually identical to the one discussed in *Rasten* v. *District Attorney for the Norfolk Dist.,* 438 Mass. 1006 (2002). It shares the same flaws. First, Rasten failed to satisfy her burden of creating a record sufficient to substantiate her allegations. See *Lu* v. *Boston Div. of the Hous. Court Dep't,* 432 Mass. 1005, 1005-1006 (2000) (petitioner must demonstrate, not merely allege, violation of substantive right). Second, she failed to demonstrate that she could not obtain her requested relief through some other adequate and effective means. *Rasten* v. *Northeastern Univ.,* 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001) (petition properly denied where Rasten failed to demonstrate why appeal or appropriate postjudgment motion would not have provided adequate remedy). If a prosecution arose out of the incident in question, Rasten could have filed a motion seeking the return of her property in the District Court where the prosecution took place. See, e.g., *Commonwealth* v. *Rufo,* 429 Mass. 380, 381 (1999). Alternatively, Rasten could have filed a civil action seeking the return of her property. See, e.g., *Giacomozzi* v. *Braintree,* 415 Mass. 1001 (1993).

"Our review is limited to errors of law including abuse of discretion." *Commonwealth* v. *Sowell,* 412 Mass. 1009, 1009 (1992). There was no error.[1]

*Judgment affirmed.*

*Anina Rasten,* pro se.

*Ellen McCusker Devlin,* Assistant District Attorney, for the Commonwealth.


---

[1]To the extent that Rasten raised issues in her full court brief that were not before the single justice, they are beyond the limited scope of this appeal. *Harvey* v. *Harvey,* 424 Mass. 1009, 1010 (1997).

