ROMANUS ELGBE vs. PINE STREET INN, INC./PAUL SULLIVAN HOUSING.[1] March 23, 2004. *Summary Process,* Appeal. *Moot Question. Supreme Judicial Court,* Superintendence of inferior courts.

Romanus Elgbe appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. Elgbe had sought a stay pending appeal of execution of a summary process judgment that had entered against him in the Housing Court.[2] Pine Street Inn, Inc./Paul Sullivan Housing (landlord) has moved to dismiss the appeal as moot. We allow the landlord's motion.

After the summary process judgment was entered against Elgbe, he sought to appeal, but his appeal was dismissed because he failed to post an appeal bond. Claiming that he had attempted to post the bond but that the clerk in the Housing Court had refused to accept it (and instead instructed Elgbe to pay the landlord), Elgbe filed a motion in the Appeals Court seeking a stay of execution of the summary process judgment and an order declaring that any payment of the bond be made to the clerk. A single justice of the Appeals Court denied Elgbe's motion. On the same day, Elgbe filed his petition under G. L. c. 211, § 3, in which he sought the same relief that he had sought in the Appeals Court. The single justice denied the petition without a hearing.

Meanwhile, at some point during the pendency of this appeal, Elgbe has been evicted from the property. Therefore, the relief he desired — a stay of that eviction — has become moot. See *Petrillo-Aufiero* v. *Petrillo,* 436 Mass. 1002 (2002). See also *Rasten* v. *Northeastern Univ.,* 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001); *Matter of an Appeal Bond (No. 2),* 428 Mass. 1022 (1999). Moreover, Elgbe was not entitled to relief under G. L. c. 211, § 3, because the Housing Court's dismissal of Elgbe's appeal on the bond issue was subject to the usual appellate process. See *Matter of an Appeal Bond (No. 1),* 428 Mass. 1013 (1998), citing *Ford* v. *Braman,* 30 Mass. App. Ct. 968, 970 (1991) (questions concerning bond should be raised on appeal from judgment dismissing underlying appeal).

*Appeal dismissed.*

*Romanus Elgbe,* pro se, submitted a brief.

---

[1]As managing agents for Wellspring House, Inc.

[2]In addition to challenging the judgment of the single justice regarding his request for a stay, Elgbe raises numerous claims regarding the propriety of the underlying summary process judgment. None of those claims was raised before the single justice.