C. JOSEPH DOYLE *vs.* HILLARY GOODRIDGE & others.[1] May 27, 2005. *Practice, Civil,* Moot case, Stay of proceedings, Rescript from appellate court, Judicial discretion. *Supreme Judicial Court,* Appeal from order of single justice.

In *Goodridge* v. *Department of Pub. Health,* 440 Mass. 309 (2003), we declared "that barring an individual from the protections, benefits, and obligations of civil marriage solely because that person would marry a person of the same sex violates the Massachusetts Constitution." *Id.* at 344. We vacated a summary judgment that had been entered in the Superior Court for the defendants in that action, and remanded the case to the Superior Court for the entry of a judgment consistent with our opinion. *Id.* We further provided that the "[e]ntry of judgment shall be stayed for 180 days to permit the Legislature to take such action as it may deem appropriate in light of [the] opinion." *Id.* The petitioner, C. Joseph Doyle, was not a party in the *Goodridge* action.

In April, 2004, before the court-ordered stay of the entry of judgment had expired, Doyle petitioned a single justice of this court to extend further the stay "pending the outcome of the process to amend the Commonwealth's Constitution."[2] The single justice denied that request on several grounds. First, he stated that he, as a single justice, did not have the authority to change the specific directive that the full court had given to the Superior Court in its rescript, after the rescript had already issued to the Superior Court.[3] He further stated that, even if he had authority to grant the relief requested, he would exercise his discretion to deny the relief sought by Doyle because (1) as a matter of Massachusetts law, an individual, such as Doyle, who is not a party to a case is not permitted to attempt to alter, amend, or stay an appellate court's rescript in the case, and that Doyle's attempt to do so was, "at base, an improper collateral attempt by a nonparty to alter the full court's rescript and affect the outcome"; (2) Doyle's claim that his right to participate in the constitutional amendment process would be diluted without a further stay was speculative and remote, and, therefore, he lacked standing as a matter of Massachusetts law to pursue the requested relief; and (3) the request for a stay for a minimum of two years while the constitutional amendment process ran its course was unreasonable in the circumstances.

Doyle timely appealed to the full court from the single justice's denial of his petition. In a "memorandum in support of appeal" that he filed shortly

[1]Julie Goodridge, David Wilson, Robert Compton, Michael Horgan, Edward Balmelli, Maureen Brodoff, Ellen Wade, Gary Chalmers, Richard Linnell, Heidi Norton, Gina Smith, Gloria Bailey, Linda Davies, Department of Public Health, and the Commissioner of Public Health.

[2]The process to amend the Massachusetts Constitution in response to our decision began in February, 2004, with the Legislature's consideration, at a constitutional convention, of various proposed amendments.

[3]The rescript issued to the Superior Court on December 16, 2003, twenty-eight days after the date of the rescript. See Mass. R. A. P. 23, as amended, 367 Mass. 921 (1975). There was no petition for rehearing or request to stay issuance of the rescript. Doyle did not file his request for a further stay of the entry of the judgment until April 20, 2004, four months after the rescript issued to the trial court.

after filing his notice of appeal, he requested that the full court "further stay the entry of its judgment . . . pending the outcome of the constitutional amendment process." In response to that memorandum, we issued an order, among other things, denying his request for a further stay.[4]

The limited issue before us in this appeal is whether the single justice erred or abused his discretion when he denied Doyle's request for a further stay of entry of the judgment after rescript in the Superior Court. That question is purely academic at this point. The judgment, entry of which Doyle sought to have stayed, was in fact entered in the Superior Court on May 17, 2004, pursuant to the terms of our rescript. We therefore dismiss his appeal as moot. See *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001). Even if we were to consider the point on the merits, we would conclude that the single justice was correct and well within his discretion in denying Doyle's request for the reasons given.

To the extent that Doyle is now attempting to shift focus and expand the limited scope of the appeal by asking the full court to "stay" the judgment — effectively, to recall and amend our rescript and vacate the judgment that has already been entered — we decline to do so. We previously denied his request for a further stay of entry of the judgment before the judgment entered in the Superior Court. Nothing has transpired in the interim that materially changes the situation or which warrants the truly extraordinary measures sought now.

*Appeal dismissed.*

*Robert J. Muise,* of Michigan, & *Chester Darling (Brian Fahling,* of Mississippi, with them) for the plaintiff.

*Michele E. Granda (Gary D. Buseck* with her) for Hillary Goodridge & others.

*John R. Hitt,* Assistant Attorney General, for Department of Public Health.

---

[4]We also denied his request, made in his notice of appeal, to expedite this appeal.