WILLIAM SANTIAGO *vs.* PAULA MARIE YOUNG. March 24, 2006. *Moot Question. Practice, Civil*, Moot case, Party pro se.

William Santiago appeals from a judgment of the county court denying without a hearing his petition for relief under G. L. c. 211, § 3. We dismiss the appeal as moot.

In June, 2003, Santiago filed, in the Roxbury District Court (now the Roxbury Division of the Boston Municipal Court [Roxbury Division]), a motion seeking to vacate three G. L. c. 209A restraining orders that were issued between 1993 and 1995 for the protection of Paula Marie Young. In his G. L. c. 211, § 3, petition, Santiago alleged that despite his repeated requests, the lower court refused to act on his motion. He requested that the single justice order the court to act. The single justice denied this request.

On appeal from the single justice's ruling, Santiago filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). We determined that that rule did not apply to this case because Santiago was not challenging any interlocutory ruling of the trial court, but rather the inaction of the court. Accordingly, we allowed this appeal to proceed in the usual process. In our order, we encouraged Santiago to make further efforts to get the Roxbury Division to act. He did make further efforts, and in December, 2005, a judge of the Roxbury Division in fact heard and denied his motion. Santiago has thus received the specific relief he was seeking in his petition — a ruling on his motion.[1] His appeal from the denial of relief under G. L. c. 211, § 3, is therefore moot. See *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001); *Harvey* v. *Harvey*, 424 Mass. 1009 (1997).

It is regrettable that it took well over two years and repeated prodding to persuade the court simply to rule on Santiago's motion, and unfortunately it appears that this is not an isolated occurrence. See, e.g., *Muldoon* v. *Superior Court Dep't of the Trial Court*, 439 Mass. 1010 (2003); *Matthews* v. *Superintendent, Mass. Correctional Inst., Cedar Junction*, 438 Mass. 1012 (2003); *Sabree* v. *Commonwealth*, 432 Mass. 1003 (2000). Pro se litigants, like all

---

[1] In his appellate brief, Santiago urges us to vacate the G. L. c. 209A orders ourselves. This relief was not sought before the single justice, and we do not consider it. The lower court's ruling, by which the judge declined to vacate the G. L. c. 209A orders, can be addressed in the ordinary appellate process.

litigants, are entitled to timely action on their cases. Nonetheless, now that the court has acted, we are constrained to dismiss Santiago's appeal as moot.

*Appeal dismissed.*

*William Santiago,* pro se.