NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11633

WILLIAM M. TYREE  vs.  COMMONWEALTH.


October 1, 2014.


<u>Supreme Judicial Court</u>, Superintendence of inferior courts.
     <u>Homicide</u>.  <u>Practice, Criminal</u>, Capital case.  <u>Evidence</u>,
     Third-party culprit.


     The petitioner, William M. Tyree, was convicted of murder
in the first degree in 1980.  This court affirmed the
conviction.  See <u>Commonwealth</u> v. <u>Tyree</u>, 387 Mass. 191 (1982),
cert. denied, 459 U.S. 1175 (1983).  Since then, Tyree has filed
numerous postconviction motions in the trial court, including
several motions for a new trial, as well as petitions in the
county court pursuant to G. L. c. 278, § 33E, and G. L. c. 211,
§ 3.  Most recently he filed, in the county court, "Appellant's
Motion Seeking Permission to File a Second Direct Appeal, or in
the Alternative, Appellant's Motion Seeking Permission to File a
Successive Rule 30 New Trial Motion, or in the Alternative,
Appellant's Motion Seeking Permission to File a Nunc Pro Tunc
Appeal of the G. L. c. 211, § 3 Petition Held Ex Parte that
Denied Exculpatory Evidence to the Appellant in a Capital Case."
A single justice treated the filing as a G. L. c. 211, § 3,
petition, and denied it.[1]  Tyree appeals, and we affirm.

_____

     [1] Although William M. Tyree raises issues related to his
conviction of murder in the first degree, the single justice
properly treated his filing in the county court as a G. L. c.
211, § 3, petition, rather than as an application pursuant to G.
L. c. 278, § 33E, because Tyree is not seeking appellate review
of any trial court ruling on a postconviction motion.

Tyree's claims stem, in essence, from a hearing and decision on a G. L. c. 211, § 3, petition that the Commonwealth filed in 1979, during the course of prosecuting Tyree for murder. In the petition, the Commonwealth sought relief from a trial judge's order, issued after a probable cause hearing, that, among other things, caused several complaints to be issued against a witness at the hearing who Tyree claims committed the murder. A single justice of this court allowed the petition and voided the complaints that had issued against the witness. Three decades later, Tyree now complains that the hearing on the petition was held ex parte, and that, as a result, the single justice did not have the full picture of the relevant events. The single justice's ruling also, according to Tyree, had the ultimate effect of precluding any reference at trial to the probable cause hearing and decision, including the subsequently voided complaints, because the Commonwealth successfully moved in limine to prohibit any reference to those events. In Tyree's view, this, in turn, prevented him from raising a third-party culprit defense. Why this would be so is not clear -- even without referring to the probable cause hearing and the voided complaints Tyree could still raise a third-party culprit defense -- but, in any event, Tyree has offered no reason why he could not have raised these issues, and any of the related issues raised in his filings in this court, in his direct appeal, or in one of his many postconviction motions. He has not, in other words, demonstrated that there was not another route by which he could seek adequate relief. See, e.g., Lykus v. Commonwealth, 432 Mass. 160, 161-162 (2000). Additionally, to the extent that Tyree raises issues in this court that he did not raise in the county court, we need not consider them. See Carvalho v. Commonwealth, 460 Mass. 1014 (2011), and cases cited.

The single justice did not err or abuse her discretion in concluding that Tyree is not entitled to extraordinary relief pursuant to G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on briefs.
William M. Tyree, pro se.