NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12024

SCOTT COOPER  vs.  COMMONWEALTH.


April 1, 2016.


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Civil, Notice of appeal.  Notice, Timeliness.


     Scott Cooper appeals from a judgment of the county court
denying, without a hearing, Cooper's petition for relief under
G. L. c. 211, § 3, or for relief in the nature of mandamus.  We
affirm.

     In 2002, Cooper was convicted of forcible rape of a child
and other offenses.  His convictions were affirmed by the
Appeals Court in an unpublished decision.  Commonwealth v.
Cooper, 69 Mass. App. Ct. 1110 (2007).  In 2013, Cooper filed a
motion for a new trial, which was denied by a judge in the
Superior Court (motion judge).  He filed a late notice of appeal
and was advised that he must file a motion for an extension of
time to do so.  He filed such a motion shortly thereafter, but
apparently it was misplaced in the clerk's office and was not
acted on for over two months.  Once it was found, the motion
judge allowed the motion and gave him forty-five days to file
his notice of appeal.  Cooper did not file a new notice of
appeal at that point, nor did he request that his original
notice of appeal be deemed filed.  The record has not been
assembled, and no appeal has been docketed in the Appeals Court.
It appears that Cooper discovered this when he filed a motion to
file his brief late in the Appeals Court and was informed that
he had no matter pending in that court.  He wrote to the Chief
Justice of the Trial Court seeking assistance.  His request was
forwarded to various court personnel, but no further action on
his appeal was taken.  Ultimately, Cooper filed his petition in
the county court for relief pursuant to G. L. c. 211, § 3, or

for relief in the nature of mandamus pursuant to G. L. c. 249, § 5.  He subsequently filed a motion in the single justice session to transfer the matter to a single justice of the Appeals Court, stating that he was seeking only leave to file a late notice of appeal.  The single justice denied all relief without a hearing.

Cooper has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires a petitioner seeking relief from an interlocutory ruling of the trial court to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  The rule does not apply here, as Cooper is not challenging any interlocutory ruling of the trial court.  See, e.g., <u>Santiago</u> v. <u>Young</u>, 446 Mass. 1006, 1006 (2006) (rule 2:21 does not apply where petitioner is "not challenging any interlocutory ruling of the trial court, but rather the inaction of the court").  Nonetheless, it is clear on the record that, where Cooper did not avail himself of the opportunity to file a new notice of appeal after he was granted an extension of time to do so, the single justice was not obligated to grant extraordinary relief.

That said, we can see no reason why this appeal has not been permitted to proceed.  Cooper had the right to appeal from the denial of his motion for a new trial.  He did in fact file a late notice of appeal, albeit without first receiving an extension of time.  Once he did receive an extension -- belatedly, for reasons attributable to the clerk and through no fault of his own -- it would have been a simple matter for the Superior Court to recognize that a notice of appeal had already been filed, to which the motion applied, and to treat that notice of appeal as the operative notice.  We trust that if Cooper so requests in the Superior Court, his original notice of appeal will now be deemed properly filed, the record will promptly be assembled, and Cooper's appeal will proceed in the ordinary course.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Scott Cooper</u>, pro se.