NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12181


 BHARANIDHARAN PADMANABHAN  vs.  CENTERS FOR MEDICARE & MEDICAID
                          SERVICES.



                     January 24, 2017.



Practice, Civil, Stay of proceedings, Moot case.  Moot Question.



     The petitioner, Bharanidharan Padmanabhan, appeals from a
judgment of a single justice of this court denying his petition
pursuant to G. L. c. 211, § 3.  We affirm.

     In October, 2014, the petitioner commenced an action in the
Superior Court, naming as defendants the respondent and certain
individuals associated with Cambridge Health Alliance, the city
of Cambridge, the Executive Office of Health and Human Services,
and others.  As best as we can discern from the record before
us, his complaint alleged claims of, among other things,
Medicare or Medicaid fraud, which he became aware of during the
course of his employment with some of the defendants; and
retaliation by his employer when he spoke up about the perceived
fraud.  In March, 2015, the case was removed to the United
States District Court for the District of Massachusetts.  A
judge in that court subsequently allowed a motion to dismiss
certain Federal defendants and then remanded the case to the
Superior Court.  The petitioner appealed from both the allowance
of the motion to dismiss and the remand order to the United
States Court of Appeals for the First Circuit, and that appeal
remains pending.  Meanwhile, in the Superior Court, shortly
after the remand order, the remaining defendants filed motions
to dismiss, which, it appears, the petitioner opposed.  The
docket further indicates that on June 7, 2016, a status
conference was scheduled for July 19, 2016.

On July 11, 2016, the petitioner filed an "emergency motion to stay improper proceedings in State court" in the county court, which the single justice treated as a petition pursuant to G. L. c. 211, § 3. He argued that the State court lacked jurisdiction because his appeal from the remand order remained pending in the Federal court, and he asked this court to stay further proceedings in the Superior Court. He also asked the court to order that the status conference scheduled for July 19, 2016, be canceled. While his G. L. c. 211, § 3, petition was pending, the July 19, 2016, status conference proceeded as scheduled. A docket entry dated July 20, 2016, indicates that because the petitioner's appeal to the First Circuit remained pending, the status conference would be continued to October 18, 2016. The single justice subsequently denied the G. L. c. 211, § 3, petition.

The petitioner has now filed what appears to have been intended as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Technically speaking, that rule does not apply here because the petitioner is not seeking relief from any interlocutory ruling of the trial court. Rather, he seeks a stay of the trial court proceedings. It is unclear from the record whether he has sought such a stay in the trial court, but he has, in any event, essentially received the relief that he seeks: at the July 19, 2016, status conference, the conference was continued to October 18, 2016, because of the petitioner's pending appeal to the First Circuit. Subsequently, at the October 18 conference, which has since occurred, the matter was again continued "until the [F]ederal appeal is resolved." The petitioner's request for a stay of the proceedings is therefore moot. See Rasten v. Northeastern Univ., 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001). Even if the trial court proceedings had not been stayed, and if at some point in the future, after resolution of the petitioner's Federal appeal, the trial court proceedings continue, the petitioner has an adequate alternative remedy: he may appeal, in the regular course, from any adverse judgment against him in the trial court. Relief under G. L. c. 211, § 3, is properly denied where, as here, "there are adequate and effective routes other than c. 211, § 3, by which the petitioning party may seek relief." Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996), and cases cited.

This case does not, in short, present a situation where extraordinary relief from this court is required, and the single

justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.[1]

<u>Judgment affirmed</u>.

The case was submitted on papers filed, accompanied by a memorandum of law.

<u>Bharanidharan Padmanabhan</u>, pro se.

---

[1] In his G. L. c. 211, § 3, petition, the petitioner also asked the court to "[order] bar counsel" to investigate the "filing of a fraudulent pleading" by his former attorney. According to the petitioner, the attorney, who had previously represented him, was no longer his attorney at the time she filed a certain motion in the Superior Court. The single justice did not err or abuse her discretion in declining to issue an order to compel an investigation on this record and in these circumstances. The petitioner is free to file a complaint with the Office of Bar Counsel should he wish to do so.