The defendant, Scott Cooper, was convicted in 2002 of multiple counts of rape of a child by force, G. L. c. 265, § 22A, and indecent assault and battery on a child, G. L. c. 265, § 13B. We affirmed the convictions. Commonwealth v. Cooper, 69 Mass. App. Ct. 1110 (2007). The defendant now appeals from the denial of his motion for a new trial.[2] We affirm.
"[W]e review the denial of a motion for a new trial for 'a significant error of law or other abuse of discretion.' " Commonwealth v. Duart, 477 Mass. 630, 634 (2017), quoting from Commonwealth v. Forte, 469 Mass. 469, 488 (2014). We "grant[ ] 'special deference' to the rulings of a motion judge who, like the judge here, also presided at trial." Commonwealth v. Thomas, 89 Mass. App. Ct. 422, 430 (2016), quoting from Commonwealth v. Bonnett, 472 Mass. 827, 833 (2015). "An evidentiary hearing is not required unless the defendant raises a 'substantial issue,' based on the seriousness of the claim and the adequacy of his showing." Commonwealth v. Bolton, 92 Mass. App. Ct. 469, 475 n.8 (2017), quoting from Commonwealth v. Chatman, 466 Mass. 327, 334 (2013).
The bulk of the defendant's argument is devoted to claims of ineffective assistance of counsel. To show ineffective assistance of counsel, the defendant "must demonstrate that (1) defense counsel's conduct fell 'measurably below that which might be expected from an ordinary fallible lawyer' ... and (2) he was prejudiced by counsel's conduct in that it 'likely deprived the defendant of an otherwise available, substantial ground of defence.' " Commonwealth v. Lys, 91 Mass. App. Ct. 718, 720 (2017), quoting from Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). In assessing whether the defendant was prejudiced, "a defendant is entitled to a new trial 'if we have a serious doubt whether the result of the trial might have been different had the error not been made.' " Commonwealth v. Lacoy, 90 Mass. App. Ct. 427, 439 (2016), quoting from Commonwealth v. Millien, 474 Mass. 417, 432 (2016).
The defendant lists numerous claims of ineffective assistance: (1) failure to investigate; (2) failure to examine witness bias; (3) failure to use prior inconsistent statements in cross-examination; (4) failure "to adequately consult with defendant"; (5) failure "to investigate potential grounds for a defense"; (6) failure to "reveal evidence at appeal that would exonerate the defendant"; (7) failure "to raise issue at appeal, such as prosecut[orial]/ selective prosecut[orial] misconduct"; and (8) failure "to raise issue that prosecutor altered evidence and introduced false evidence and perju[r]ed testimony at trial." With each claim, however, the defendant fails (and failed before the motion judge) to provide any explanation or support. For example, to raise a substantial issue as to failures in cross-examination, the defendant would need to identify what information should have been used to impeach which witness and either show where that information appears in the record or produce affidavits establishing that information. Similarly, to raise a substantial issue as to failure to raise prosecutorial misconduct, the defendant would need to identify the prosecutorial misconduct and either show where the evidence of that misconduct appears in the record or produce affidavits showing the misconduct. The same is true of all of the defendant's claims of ineffective assistance. To make out a substantial issue requiring an evidentiary hearing, the defendant needs to identify his claims and support them with either citations to the record or affidavits. See Commonwealth v. Brown, 378 Mass. 165, 171 (1979).
The same problem underlies the defendant's other claim or claims of error, the only one of which that appears with any clarity is a claim of newly discovered evidence. "Where the defendant moves for a new trial on the basis of newly discovered evidence, the defendant 'must establish both that the evidence is newly discovered and that it casts real doubt on the justice of the conviction.' " Commonwealth v. Drayton, 473 Mass. 23, 31 (2015), quoting from Commonwealth v. Grace, 397 Mass. 303, 305 (1986). To accomplish this, the defendant needs to identify the newly discovered evidence and support it with affidavits or other evidence. An unsupported assertion of newly discovered evidence is not adequate to make out a substantial issue. See Commonwealth v. Goodreau, 442 Mass. 341, 348 (2004), quoting from Commonwealth v. Britto, 433 Mass. 596, 608 (2001) ("A defendant's submissions in support of a motion for a new trial need not prove the factual premise of that motion, but they must contain sufficient credible information to 'cast doubt' on the issue" [citation omitted] ). Accordingly, on the record provided by the defendant, the motion judge properly denied the motion for a new trial without conducting an evidentiary hearing.
Order denying motion for new trial affirmed.

The defendant's appeal is properly before us. Cooper v. Commonwealth, 474 Mass. 1004, 1005 (2016).