NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12577

MARK A. STACY  vs.  SUPERIOR COURT DEPARTMENT.


October 17, 2018.


Practice, Civil, Action in nature of mandamus, Moot case.
     Supreme Judicial Court, Superintendence of inferior courts.


     Mark A. Stacy appeals from a judgment of the county court
dismissing as moot his complaint for relief in the nature of
mandamus.  In 1986 and 1989, Stacy pleaded guilty in the
Superior Court to various offenses.  In 2016, he filed two
motions pursuant to Mass. R. Crim. P. 30, as appearing in 435
Mass. 1501 (2001), seeking to withdraw those guilty pleas.  In
April, 2018, Stacy filed his complaint in the county court,
seeking an order directing the Superior Court to take action on
his motions.  While the complaint was pending, a judge in the
Superior Court issued a decision denying both motions.[1]  A single
justice of this court accordingly dismissed the complaint as
moot.

     Stacy has filed what was intended as a memorandum and
appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass.
1301 (2001).  That rule does not apply, as Stacy "was not
challenging any interlocutory ruling of the trial court, but
rather the inaction of the court."  Santiago v. Young, 446 Mass.
1006, 1006 (2006).  Nevertheless, it is clear on the record that

_____

     [1] Stacy asserts that no such decision has been made.  We
have, however, been provided with a copy of the decision in
question, and the Superior Court dockets plainly show that the
motions have been denied.  We express no view as to the merits
of that decision.  To the extent that Stacy is aggrieved by the
denial of his motions, he has not shown that he lacks an
adequate remedy in the ordinary appellate process.

Stacy has received the specific relief sought in his complaint, namely, a ruling on his motion.  The complaint was properly dismissed as moot.  See <u>Rasten</u> v. <u>Northeastern Univ</u>., 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001).

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Mark A. Stacy</u>, pro se.
<u>Anna Lumelsky</u>, Assistant Attorney General, for the Commonwealth.