The case was submitted on the papers filed, accompanied by a memorandum of law.
**1041 The petitioner, William M. Tyree, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.
Tyree was convicted of murder in the first degree in 1980. This court affirmed the conviction. See Commonwealth v. Tyree, 387 Mass. 191, 439 N.E.2d 263 (1982), cert. denied, 459 U.S. 1175, 103 S.Ct. 825, 74 L.Ed.2d 1021 (1983). Since then, Tyree has filed numerous postconviction motions in the trial court as well as various applications and petitions in the county court pursuant to G. L. c. 278, § 33E, and G. L. c. 211, § 3. See, e.g., Tyree v. Commonwealth, 469 Mass. 1013, 16 N.E.3d 1053 (2014). In his most recent G. L. c. 211, § 3, petition, Tyree asked the court to compel a judge in the trial court to act on then-pending motions for postconviction relief. In particular, Tyree wanted the judge to address what he describes as a "military jurisdictional matter."[2] Tyree filed his G. L. c. 211, § 3, petition on September 24, 2018. The trial court judge acted on, and denied, the postconviction motions, including the "military jurisdictional matter," on November 5, 2018. The single justice denied the G. L. c. 211, § 3, petition on November 8, 2018.
Because the trial court judge has acted on Tyree's postconviction motions, his request for relief -- asking the court to compel the judge to act -- is moot. See Rasten v. Northeastern Univ., 432 Mass. 1003, 1003, 731 N.E.2d 1074 (2000), cert. denied, 531 U.S. 1168, 121 S.Ct. 1133, 148 L.Ed.2d 998 (2001). In his filings in this court, Tyree acknowledges as much not by seeking relief from the single justice's denial of the G. L. c. 211, § 3, petition, **1042 but by seeking review of, and relief from, the trial court judge's rulings on the postconviction motions. The proper avenue for Tyree to seek such relief is by filing an application with a single justice of the county court for leave to appeal pursuant to the gatekeeper provision of G. L. c. 278, § 33E, as he has done in the past. It is not through a memorandum pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), or through a motion in the full court to allow an appeal pursuant to G. L. c. 278, § 33E, as he is attempting here.
The petitioner named a Superior Court judge as the respondent. The judge is a nominal party only. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).
At the time of Tyree's conviction, both he and the victim, his wife, were enlisted in the United States Army. See Commonwealth v. Tyree, 387 Mass. 191, 192, 439 N.E.2d 263 (1982), cert. denied, 459 U.S. 1175, 103 S.Ct. 825, 74 L.Ed.2d 1021 (1983).