NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-625

ELEUTHERIOS T. HOUVOURAS[1]

vs.

PHYLLIS M. HOUVOURAS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a trial on remand in the Probate and Family Court, Eleutherios T. Houvouras (husband), appeals from a judgment enforcing his prenuptial and postnuptial agreements with Phyllis M. Houvouras (wife).  We affirm.

Background.  Two days prior to their wedding on July 4, 1987, the husband and wife signed a prenuptial agreement and in the years that followed amended that agreement five times. Neither spouse worked during the marriage, and the parties each had two adult children from previous marriages.  In 2015, the

_____

[1] Eleutherios T. Houvouras died during the pending appeal. Estate Administrators Theodore N. Houvouras and Katina P. Houvouras obtained permission of this court to be substituted for the deceased.  We continue to refer to the husband and wife as the parties.

husband suffered two strokes and after returning home from a rehabilitation facility required twenty-four hour care for a few months.

The following year, in March 2016, the husband moved to New Jersey with his ex-wife and two children.  In June 2016, the wife filed a complaint for separate support, and the husband counterclaimed.  One month later, the husband filed a complaint for divorce and claimed the prenuptial agreement and postnuptial amendments were "invalid and unenforceable."  A judge of the Probate and Family Court consolidated the complaints for trial.

On December 4, 2017, following a trial, the judge issued a judgment of divorce nisi and made extensive findings of fact. The judge carefully examined the prenuptial agreement and the five postnuptial amendments and concluded that the terms were fair and reasonable.  After specifically addressing the "significant change" in the husband's health status and increased medical needs following the last amendment, the judge concluded that, despite this significant change, enforcement of the parties' prenuptial and postnuptial agreements would be fair and reasonable.

The husband appealed that judgment and claimed that his necessary expenses, including healthcare costs, impaired his ability to meet his contractual obligations to the wife.  This court remanded the matter primarily to revisit the calculation

2

of the husband's weekly expenses, with particular emphasis on medical expenses. See Houvouras v. Houvouras, 96 Mass. App. Ct. 1109 (2019).

On remand, the judge conducted another trial over five days and focused on the husband's expenses. In meticulous and detailed findings, the judge found that the husband, age ninety-seven, "despite his medical issues," "has the clear ability to comply with his contractual obligations" to his wife. The judge also credited the testimony of the wife's expert on health insurance claims and ordered, among other things, that the husband comply with the agreements. In part, the judge reasoned that the husband did not require twenty-four hour care, and his "failure to make reasonable efforts to avail himself of the benefits of his health care coverage is the primary reason" that he lacked sufficient funds to pay alimony as agreed. The husband now appeals from that judgment as well as the denial of his motion for relief from judgment and the denial of his motion to alter and amend the judgment.

During the pendency of this appeal, on a motion by the wife, the trial judge imposed an appeal bond in the amount of $220,000, representing the amount of unpaid alimony following the trial on remand. The husband never satisfied that bond and sought relief from a single justice of this court. After the single justice denied relief, the husband filed a notice of

appeal.  The appeal from the single justice decision has been consolidated with the appeal from the decisions of the Probate and Family Court.

Discussion.  1.  Findings on necessary healthcare.  "Upon appeal, we accept a trial judge's findings of fact unless they are clearly erroneous and do not review questions of fact if any reasonable view of the evidence and the rational inferences to be drawn therefrom support the judge's findings" (quotation and citations omitted).  Martin v. Simmons Props., LLC, 467 Mass. 1, 8 (2014).  "We uphold the findings of a judge who saw and heard the witnesses unless we are of the definite and firm conviction that a mistake has been made" (quotation and citations omitted).  Id.  Without a specific citation to the record, the husband contends that the trial judge found in the first trial "that he needed 24-hour [healthcare] assistance" and in the remand trial "abused [her] discretion in reversing course" without any meaningful explanation.  We disagree.

The record does not support the contention that the judge reversed course or otherwise abused her discretion.  In her findings from the first trial the judge indicated that the husband initially received twenty-four hour care that tapered to more limited care:  "Upon returning to the marital home [from a rehabilitation facility], Husband received 24-hour care.  For several weeks, a physical therapist, occupational therapist, and

4

a nurse came to the marital home to care for Husband. Commencing in August 2015, Husband no longer had overnight aides." The wife later hired certified nursing assistants to provide care "throughout most of the day." These findings are consistent with the judge's findings following the trial on remand: "For a few months after his return [from a rehabilitation facility] Husband received twenty-four (24) hour care at the former marital home." Thus, we do not see any inconsistency in these findings or any clear error.

We also disagree with the husband's premise that the judge was bound by her findings from the first trial. When remanding the case, this court did not restrict the judge's consideration of the evidence in a second trial. Also, during the second trial, the judge heard conflicting evidence on the need for twenty-four hour care. The husband's expert, a rehabilitation counselor, testified that twenty-four hour care was necessary, but the wife's expert, a neurologist, testified that the husband had "intermittent needs for assistance during the day" and "does not require round-the-clock care." The judge did not credit the testimony of the husband's expert and concluded that he "did not have a full understanding" of the husband's "acts of daily living" and developed a life care plan that was "largely speculative." The judge credited the testimony of the wife's expert and concluded, "while Husband may desire or benefit from

5

around-the-clock care, it is not a medical necessity."  "The judge's evaluation of competing expert testimony involved an assessment of credibility and weight, both of which were within the province of the judge."  FOD, LLC v. White, 99 Mass. App. Ct. 407, 414-415 (2021).  See North Adams Apartments Ltd. Partnership v. North Adams, 78 Mass. App. Ct. 602, 607 (2011) ("Deference is also given to the trial judge's credibility assessments of experts").  We discern no abuse of discretion. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

2.  Health insurance claims expert.  The husband next contends that the court erred in qualifying the neurologist hired by the wife as an expert on health insurance claims.  "A trial judge has wide discretion to qualify an expert witness and to decide whether the witness's testimony should be admitted." Commonwealth v. Frangipane, 433 Mass. 527, 533 (2001).  "The crucial issue, in determining whether a witness is qualified to give an expert opinion, is whether the witness has sufficient education, training, experience and familiarity with the subject matter of the testimony" (quotations and citations omitted). Id.  "The admission of expert testimony will be reversed only where it constitutes an abuse of discretion or other error of law."  Id.  We discern no abuse of discretion or error of law.

Here, the witness testified that he was a medical doctor specializing in neurology with formal education in "health

6

insurance" as part of his residency training. His background included treating over 10,000 stroke victims as well as conducting research at the National Institute of Health about strokes and neural regeneration. His practice included developing patient care plans to manage and treat the consequences of a stroke. He also did research about providing cost-effective care to patients through Medicare. As a resident and fellow, he learned "to understand what insurance will cover and won't cover." He further testified that without such knowledge, "you cannot otherwise, in today's day and age, take care of patients unless you understand how insurance claims work." In his role as a practicing physician, he needed to "understand whether a procedure is covered or not because it will make a difference" in treatment. As an example, he said that if a claim is denied, he will engage in "peer to peer" review with an insurance company representative, most often a neurologist, and discuss the treatment options. He also worked as a healthcare fraud investigator on false health insurance and Medicare claims. Based upon this testimony, the judge had a "reasonable basis" to qualify the expert, and we discern no error. Commonwealth v. Mahoney, 406 Mass. 843, 852 (1990).

3. Evidence at remand trial. Without any citation to the record showing instances where the judge specifically excluded evidence, the husband claims that the trial judge prevented him

7

from presenting evidence of his "actual medical condition."  "An issue not raised or argued below may not be argued for the first time on appeal."  Rabinowitz v. Schenkman, 103 Mass. App. Ct. 538, 542 (2023), quoting Century Fire & Marine Ins. Corp. v. Bank of New England-Bristol County, N.A., 405 Mass. 420, 421 n.2 (1989).

Even if considered, the claim lacks any support in the record.  The husband's contention that the judge generally excluded such evidence or failed to consider his medical condition at the time of trial is belied the volume of evidence presented on this topic as well as by the judge's extensive findings of fact.  For example, the judge heard testimony from the husband, his medical expert, his certified public accountant, and his children.  As the judge summarized in her findings, she considered this testimony along with 176 exhibits, including 106 exhibits from the first trial, and she considered the parties' stipulation of uncontested facts from the first trial.  The judge also noted the central focus of the remand trial:  "[T]he Court on remand reviewed the Husband's reasonable living and health-related expenses, especially given his disability, and assess[ed] whether or not he can pay his own expenses if the Postnuptial agreement is enforced."  At bottom, the judge gave the parties a full and fair opportunity to present evidence supporting their respective positions and made

findings that were unfavorable to the husband's contentions.  We discern no error.

4.  Appeal bond.  Finally, the husband asserts that the judge erred in ordering him to post an appeal bond without an evidentiary hearing.  Given our consideration of the appeal despite the husband's failure to post the bond as ordered, we conclude that this claim is moot.  See DiMasi v. Secretary of the Commonwealth, 491 Mass. 186, 190 (2023) (issue moot where no actual controversy remains or party claiming grievance ceases having personal stake in outcome); Rasten v. Northeastern Univ., 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001) (appeal moot where "hearing that [petitioner] sought to have continued took place as scheduled").[2]  Accordingly, the appeal

_____

[2] We need not, and do not, reach the new claims raised by the husband in his reply brief.  See Spinosa v. Tufts, 98 Mass. App. Ct. 1, 16 (2020).

from the orders of the single justice concerning the appeal bond is dismissed as moot.

> Judgment affirmed.
>
> Orders denying motions for relief from judgment and to alter and amend judgment affirmed.
>
> By the Court (Ditkoff, Singh & Hodgens, JJ.[3]),
>
> Clerk

Entered:    September 20, 2024.

---

[3] The panelists are listed in order of seniority.