NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1202

L&S REALTY, LLC

vs.

KAREN R. MERRITT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an action arising out of a post-foreclosure summary process complaint filed by the plaintiff, L&S Realty, LLC, for possession of a home previously occupied by the pro se defendant, Karen Merritt.  The defendant appeals from the order of a single justice of this court denying her request to stay levy of an execution issued by a judge of the Housing Court and from the subsequent denial of her motion for reconsideration. We affirm.

Background.  This summary process matter has been the subject of lengthy proceedings in both the Housing Court and this court.  In 2019 the plaintiff bought the property, which includes a single-family home, in Rehoboth at a foreclosure

sale.  After the sale, the plaintiff brought an action for declaratory relief and then a summary process action for possession of the property.  In March 2021, the Housing Court judge ordered the defendants[1] to pay use and occupancy fees, and six months later, on September 20, 2021, summary judgment issued for the plaintiff for possession of the property.  A variety of motions were filed by both sides, including the defendants' motion for relief from the judgment, pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974), which the Housing Court judge denied on November 3, 2021.

On January 7, 2022, the defendants filed a timely notice of appeal from the appeal bond order in the Housing Court, and then petitioned a single justice of this court for relief from that order and for a stay of execution of the eviction.  The matter was remanded to the Housing Court, and ultimately, the defendants were ordered to comply with the appeal bond.  When the defendants failed to pay use and occupancy fees, a judge of the Housing Court allowed the plaintiff's motion to strike the defendants' appeal.  No notice of appeal from that allowance was filed within the required thirty-day time period.  Rather, the defendant filed an emergency motion to stay eviction in the

_____

[1] The defendants include Karen Merritt as well as several other occupants of the property.  None of the other defendants are parties to this appeal.

2

Housing Court and, on denial, sought a stay of execution, pursuant to Mass. R. A. P. 6, as appearing in 494 Mass. 1601 (2024), from a single justice of this court. In the order denying relief, dated October 4, 2024, the single justice determined that the defendant failed to appeal the dismissal of the underlying appeal (and that the time to file had passed) and that the defendant did not show a likelihood of success on the merits. On the same date, the single justice denied the defendant's motion for reconsideration, which was also filed on October 4, 2024.

Discussion. On appeal, the defendant offers several reasons why the single justice erred in denying her motion to stay the execution including lack of jurisdiction, fraud in the foreclosure sale, and various deficiencies in the summary process action. These claims have been pressed by the defendant in a variety of different ways. On several occasions a single justice of this court has stated that this appeal is limited to reviewing the denial of the defendant's emergency motion to stay execution of the eviction proceedings. This appeal is not an occasion for plenary review of any judgments or rulings in the Housing Court.

As to this appeal, which again is limited to reviewing the single justice's order denying the defendant's emergency motion to stay the execution of the eviction, the matter is moot

because on October 10, 2024, execution was levied, and the defendant no longer occupies the property.  See Kahyaoglu v. Sillari Enters. LLC, 493 Mass. 1005, 1005 (2023); Elgbe v. Pine St. Inn, Inc./Paul Sullivan Hous., 441 Mass. 1009, 1009 (2004). "It is the general rule that courts decide only actual controversies.  We follow that rule, and normally do not decide moot cases."  Boston Herald, Inc. v. Superior Court Dep't of the Trial Court, 421 Mass. 502, 504 (1995).  "[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome[, and] a court can order no further effective relief" (quotations and citations omitted).  Branch v. Commonwealth Employment Relations Bd., 481 Mass. 810, 816-817 (2019), cert. denied, 140 S. Ct. 858 (2020). Here, any claim for possession is now moot as the defendant is no longer in possession of the property.  Even if the appeal were not moot, we see no error of law or abuse of discretion in the single justice's denial of the emergency order as the defendant failed to present, among other requirements, any

arguments suggesting the likelihood of success on the merits. See <u>Property Acquisition Group, LLC</u> v. <u>Ivester</u>, 95 Mass. App. Ct. 170, 180 (2019).[2]

<u>Single justice orders dated October 4, 2024, affirmed</u>.

By the Court (Meade, Walsh & Hodgens, JJ.[3]),

Clerk

Entered:  October 14, 2025.

---

[2] We decline the invitation by the plaintiff to award appellate attorney's fees and costs.

[3] The panelists are listed in order of seniority.

5