KAVEH L. AFRASIABI *vs.* JOHN ROONEY. July 13, 2000. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice. *Practice, Civil,* Record.

The petitioner, Kaveh L. Afrasiabi, appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3, which sought review of two orders entered by a judge in the

---

Superior Court during the pendency of a law suit that the petitioner had commenced against the respondent and others. Specifically, the petitioner sought relief from (a) a restraining order that prevented him from engaging in any direct or indirect verbal communication with respondent's counsel or anyone associated with their law firm except in the presence of a court reporter in court proceedings or at a deposition; and (b) an order that required the petitioner to pay the respondent the sum of $4,787.30 for legal fees and costs incurred by the respondent in pursuing the motion for a restraining order.

First, as an independent ground for not disturbing the single justice's judgment, we note that the petitioner has failed to proceed in accordance with S.J.C. Rule 2:21, 421 Mass. 1303 (1995). See *Rasten* v. *Northeastern Univ.*, *ante* 1003 (2000); *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001 n.2, cert. denied, 525 U.S. 1003 (1998). The relief sought by the petitioner concerned interlocutory rulings in the Superior Court. Rule 2:21 requires an aggrieved party appealing a single justice's denial of relief of a trial court interlocutory ruling to submit within fourteen days of filing the notice of appeal a memorandum of not more than ten pages "in which the appellant must set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." The petitioner failed to submit such a memorandum.

Second, we have repeatedly held that relief under G. L. c. 211, § 3, is properly denied where there are routes other than c. 211, § 3, by which the petitioning party may adequately seek relief. See, e.g., *Matthews* v. *D'Arcy*, 425 Mass. 1021, 1022 (1997); *Greco* v. *Plymouth Sav. Bank*, 423 Mass. 1019, 1019 (1996). Here, the petitioner had other available remedies. He could have sought interlocutory review of the challenged Superior Court orders by filing a petition with a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par. Also, he could have raised his claims in the appeal that he filed after the trial judge granted summary judgment to the respondent. That appeal is now pending. Having failed to demonstrate that these traditional remedies would not provide full and effective relief, the petitioner is not entitled to invoke the extraordinary relief set forth in G. L. c. 211, § 3.

*Judgment affirmed.*

*Richard J. Riley* (*Margaret M. Abruzese* with him) for the defendant.

*Kaveh L. Afrasiabi*, pro se, submitted a brief.