WILLIAM P. FOLEY & another[1] *vs.* COMMONWEALTH & others.[2] July 9, 2002. *Mandamus. Practice, Civil*, Action in nature of mandamus.

---

[1]John H. Arigoni. The plaintiffs purport to represent a class of individuals similarly situated. However, at no point has this case been certified as a class action either in the Superior Court or in the county court.

[2]The Governor; Attorney General; Commissioner of Revenue; Massachusetts Bar Association; American Bar Association; CitiMortgage, Inc.; Source One Mortgage; Deborah S. Davis; Chase Manhattan Mortgage Corp.; Interbay Funding, LLC; and thirty-eight other defendants.

William P. Foley and John H. Arigoni (plaintiffs) filed a document entitled "Citizens Suit Class Action Civil Rights Complaint" in the Superior Court, alleging that various State and local officials, mortgage lenders, and members of the bar had conspired to assess unlawful property taxes and confiscate private property. Most, but not all, of the defendants filed motions to dismiss the complaint, which were allowed. No final judgment has been entered in the case to date.

While their case has been pending in the Superior Court, the plaintiffs filed two documents in the county court: first, an "Emergency Motion for Certification of Law and Order of Mandamus Ex Parte," essentially seeking a ruling from a single justice of this court that the legal claims they asserted in the Superior Court were correct, and an order requiring the Superior Court judge to rule favorably on them; and second, an "Emergency Motion for Writ of Protection and Restraining Order Ex Parte," requesting that the single justice stay "any and all foreclosure or order of possession by the [d]efendant mortgagees and the defendant . . . tax collectors until the plaintiffs' [c]omplaint against the defendants has been properly adjudicated." A single justice of this court denied both motions. The plaintiffs thereafter filed an "Emergency Motion for Reconsideration," which the single justice denied. The plaintiffs now appeal to the full court from the single justice's denial of the mandamus motion, and from the denial of their motion for reconsideration.[3]

The principal relief sought by the plaintiffs, mandamus, is "extraordinary and may be granted only to prevent a failure of justice in instances where there is no alternative remedy." *Callahan* v. *Superior Court*, 410 Mass. 1001, 1001 (1991), and cases cited. Mandamus is appropriate "[i]n the absence of an alternative remedy . . . to compel a public official to perform an act which the official has a legal duty to perform." *Lutheran Serv. Ass'n of New England, Inc.* v. *Metropolitan Dist. Comm'n*, 397 Mass. 341, 344 (1986). Mandamus is not appropriate, however, "to direct a judicial officer to make a particular decision or to review, or reverse, a decision made by a judicial officer on an issue properly before him or her." *Callahan, supra*, and cases cited. Given the specific type of relief sought by the plaintiffs — in essence, an order requiring reversal of the Superior Court judge's interlocutory rulings on the defendants' motions to dismiss — and the complete failure to allege, let alone demonstrate, the absence of adequate alternative remedies,[4] the single justice was well within her discretion in denying the plaintiffs' request for mandamus.[5]

None of the other claims asserted by the plaintiffs warranted extraordinary interlocutory intervention by the single justice. We shall not consider the is-

---

[3]The plaintiffs' notice of appeal does not state that they are seeking review of the single justice's denial of the "Emergency Motion for Writ of Protection and Restraining Order Ex Parte." However, in their full court brief, the plaintiffs state that they are seeking essentially the same relief, i.e., that this court issue a "full restraining order . . . against any and all foreclosure actions and or judgments and or executions of said judgments."

[4]The plaintiffs offer no reason why a petition before a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par., or an appeal from any adverse final judgment could not provide the relief to which they claim to be entitled. See *Callahan* v. *Superior Court*, 410 Mass. 1001 (1991).

[5]To the extent that the plaintiffs' appeal challenges the single justice's denial of relief from interlocutory rulings of the Superior Court, S.J.C. Rule 2:21, 421 Mass. 1303

sues, arguments, or claims for relief that were not raised before the single justice. See *Milton* v. *Boston*, 427 Mass. 1016, 1017 (1998), and cases cited.

The order of the single justice denying the "Emergency Motion for Certification of Law and Order of Mandamus Ex Parte" is affirmed. Her denial of the motion for reconsideration is also affirmed.

*So ordered.*

*William P. Foley*, pro se.

*John H. Arigoni*, pro se.

*James S. Whitcomb*, Assistant Attorney General, for the Governor & another.

The following were present but did not argue:

*William H. Paine* for Chase Manhattan Mortgage Corporation.

*Ian Crawford* for Massachusetts Bar Association.

*David P. Russman* for Interbay Funding, LLC.

*Julia Frost-Davies* for American Bar Assocation.

*Richard E. Gentilli* for CitiMortgage, Inc., & another.

The following submitted briefs:

*James B. Fox & Bruce D. Levin* for Associates Home Equity Services, Inc., & another.

*Donald W. Goodrich* for South Adams Savings Bank & another.

*Donald J. Allison & Sarah E. Dolven* for Greylock Credit Union & another.

*Dana Frederick Clarke* for H&R Block Mortgage Corporation & another.

_____

(1995), applies. The plaintiffs have not complied with the procedural requirements of the rule, which itself is a basis for upholding the decision of a single justice. *Afrasiabi* v. *Rooney*, 432 Mass. 1006, 1007 (2000). *Rasten* v. *Northeastern Univ.*, 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001). *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001 n.2, cert. denied, 525 U.S. 1003 (1998).