MARK CIMINI *vs.* MARGARET CIMINI. September 17, 2007. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Civil*, Review of interlocutory action.

Mark Cimini appeals from a judgment of a single justice of this court denying his "Request for Interlocutory Relief" from certain rulings in the Probate and Family Court. In asking for review of these interlocutory rulings, the petitioner invokes this court's general superintendence powers. See G. L. c. 211, § 3. The petitioner's claims do not warrant the extraordinary relief of G. L. c. 211, § 3, and we therefore affirm the single justice's judgment.

General superintendence relief is properly denied where "there are other routes by which the petitioning party may adequately seek relief." *Sabree* v. *Commonwealth*, 432 Mass. 1003, 1003 (2000). Here, the petitioner's remedy is to appeal in the ordinary course from any final adverse judgment in the Probate and Family Court. See *Foley* v. *Lowell Div. of the Dist. Court Dep't*, 398 Mass. 800, 802-803 (1986); *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630, 631 (1977). The single justice did not commit a clear error of law or abuse his discretion in denying relief.[1]

Moreover, because the petitioner was seeking relief from interlocutory rulings of the trial court, he was required to proceed in accordance with S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). See *Afrasiabi* v. *Rooney*, 432 Mass. 1006, 1007 (2000). The rule requires that a petitioner file a memorandum that sets forth "the reasons why review of the trial court decision cannot

---

[1]The petitioner could also have sought interlocutory review from a single justice of the Appeals Court, pursuant to G. L. c. 231, § 118, first par. Although the petitioner attempted to file something in the Appeals Court, what he attempted to file does not appear to have been a petition pursuant to § 118, first par. The document, entitled "Addendum to Writ of Mandate and Writ of Error," was returned to him by the Appeals Court with a notation indicating that the court did not have jurisdiction to entertain it.

adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). The petitioner, however, filed a document that altogether fails to address why he cannot adequately obtain review elsewhere and does not otherwise meet the requirements of rule 2:21. This failure itself provides "an independent ground for not disturbing the single justice's judgment." *Afrasiabi* v. *Rooney, supra.*

*Judgment affirmed.*

*Mark Cimini*, pro se.