KAVEH L. AFRASIABI vs. COMMONWEALTH. September 17, 2013. *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner, Kaveh L. Afrasiabi, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.

Afrasiabi was charged in a complaint with criminal harassment in violation of G. L. c. 265, § 43A (a). He thereafter filed numerous motions in the District Court including, among other things, several motions to dismiss; a motion for a change of venue; motions to compel documents; and a motion for a "show cause" hearing, all of which were denied. Afrasiabi subsequently filed his G. L. c. 211, § 3, petition in the county court asking the court to stay the trial; to change venue; to compel discovery; and to order a "probable cause" hearing.[1] The single justice denied the petition.

This appeal is subject to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires the appellant to file "a memorandum of not more than ten pages . . . in which the appellant must set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2). Afrasiabi has failed to comply with the requirements of the rule. As an initial matter, he has filed a full brief pursuant to Mass. R. A. P. 16, as amended, 428 Mass. 1603 (1999), rather than a preliminary memorandum in compliance with rule 2:21.[2] Furthermore, to the extent that he even addresses the issue of adequate appellate review, he argues only that there are discrepancies in the Commonwealth's case and that it would be unfair to subject him to a trial without first holding a hearing. Even if Afrasiabi were entitled to such a hearing, the failure to hold one, and the trial court's denial of his request for one, are matters that can be addressed in a direct appeal. See *Commonwealth* v. *Irick,* 58 Mass. App. Ct. 129, 132-133 (2003), citing *Commonwealth* v. *Leger,* 52 Mass. App. Ct. 232, 242 (2001). The other issues that Afrasiabi raises can also be addressed in a direct appeal. The single justice did not err or abuse her discretion in denying relief under G. L. c. 211, § 3.

*Judgment affirmed.*

*Kaveh L. Afrasiabi,* pro se, submitted a brief.


---

[1]Afrasiabi variously refers in his papers to a "show cause" hearing and a "probable cause" hearing. It is not relevant, for our purposes here, which type of hearing he actually seeks.

[2]This is not the first time that Afrasiabi has failed to comply with rule 2:21 in this manner. See *Afrasiabi* v. *Rooney,* 432 Mass. 1006 (2000).