NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11982

KAVEH L. AFRASIABI  vs.  COMMONWEALTH.


December 31, 2015.


Supreme Judicial Court, Superintendence of inferior courts.


     The petitioner, Kaveh Afrasiabi, is the defendant in a
criminal case in the Cambridge Division of the District Court
Department in which he is charged with a single count of
criminal harassment in violation of G. L. c. 265, § 43A (a).  He
filed a motion to dismiss the complaint, alleging, among other
things, that the clerk-magistrate heard and considered perjured
testimony at the show cause hearing and issued the complaint on
that basis.[1]  A judge in the District Court denied the motion.
The petitioner then filed a pleading in the county court seeking
relief pursuant to G. L. c. 211, § 3, which a single justice of
this court denied without a hearing.  The petitioner now appeals
to the full court from the judgment of the single justice.

     This is the third time that this petitioner has pursued an
appeal to the full court that is subject to S.J.C. Rule 2:21, as
amended, 434 Mass. 1301 (2001), but has failed to comply with
the rule.  See Afrasiabi v. Commonwealth, 466 Mass. 1007, 1007
(2013); Afrasiabi v. Rooney, 432 Mass. 1006, 1007 (2000).  The
rule requires an appellant to file a memorandum setting forth
"the reasons why review of the trial court decision cannot
adequately be obtained on appeal from any final adverse judgment
in the trial court or by other available means."  The petitioner

_____

     [1] The petitioner's motion in the District Court also sought
a new show cause hearing before the clerk-magistrate.  But see
Commonwealth v. DiBennadetto, 436 Mass. 310, 313 (2002) (holding
that motion to dismiss, and not new show cause hearing, is only
appropriate remedy once complaint is issued).

has not filed such a memorandum; instead, he simply refiled in the full court the exact same pleading he filed in the county court -- with the original date crossed out and a new date written in -- which completely fails to address the single issue identified by the rule. "Failure to comply with the rule in a case where it applies is a separate and sufficient reason for us to decline to disturb the single justice's judgment." Rasten v. Northeastern Univ., 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001), cited with approval in Afrasiabi v. Rooney, supra.

The petitioner fares no better on the merits. Here, as in the petitioner's two previous cases, the single justice properly declined to employ the court's extraordinary power of general superintendence because the petitioner had an adequate alternative remedy. Specifically, he can challenge the District Court's denial of his motion to dismiss in a direct appeal to the Appeals Court if he is convicted. See Soucy v. Commonwealth, 470 Mass. 1025, 1025-1026 (2015); Jackson v. Commonwealth, 437 Mass. 1008, 1009 (2002).

Judgment affirmed.

Kaveh L. Afrasiabi, pro se, submitted a brief.