NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11954

JEFFREY M. LASHER  vs.  TRICIA LESLIE-LASHER.

March 22, 2016.

Supreme Judicial Court, Superintendence of inferior courts.  Divorce and Separation, Relief from judgment.  Practice, Civil, Relief from judgment.

The petitioner, Jeffrey M. Lasher, was divorced from the respondent, Tricia Leslie-Lasher, pursuant to a judgment of divorce nisi in 2014.  In March, 2015, he filed a motion for relief from judgment, pursuant to Mass. R. Dom. Rel. P. 60 (b) (2) and (3), which was denied by a judge of the Probate and Family Court in May, 2015.

The petitioner then filed a petition in the Appeals Court, pursuant to G. L. c. 231, § 118, first par., seeking review of that order.[1]  He alleged both that the respondent had been untruthful about her financial resources in the divorce proceedings and that the Probate and Family Court judge should have recused himself from ruling on the postjudgment motion.  A single justice of the Appeals Court initially remanded the case to the Probate and Family Court judge for clarification and findings regarding the status of the petitioner's recusal motion and the judge's ruling on it.  After the judge issued his

_____

[1] General Laws c. 231, § 118, first par., authorizes "[a] party aggrieved by an interlocutory order of a trial court . . . [to] file . . . a petition in the appropriate appellate court seeking relief from such an order."  It is doubtful that the Probate and Family Court judge's order qualified as an interlocutory order.

findings,[2] the single justice denied the petition and later denied a motion for reconsideration.  A second single justice of the Appeals Court struck the petitioner's notice of appeal.  See McMenimen v. Passatempo, 452 Mass. 178, 189 (2008).

The petitioner subsequently filed a substantially similar petition in the county court, pursuant to G. L. c. 211, § 3.  A single justice of this court denied the petition.  After allowing the petitioner's motion for reconsideration, the single justice again denied the petition.  We affirm the judgment of the single justice of this court.

It is incumbent on a party seeking exercise of this court's extraordinary power of general superintendence under G. L. c. 211, § 3, to demonstrate the absence or inadequacy of alternative means of redress.  See Russell v. Nichols, 434 Mass. 1015, 1016 (2001); McGuiness v. Commonwealth, 420 Mass. 495, 497 (1995), and cases cited.  In this case, the petitioner failed to allege, much less demonstrate, that the Probate and Family Court judge's order denying relief from the divorce judgment could not adequately be addressed through the ordinary appellate process, in an appeal to a panel of the Appeals Court from the

---

[2] According to the Probate and Family Court judge's findings, at a hearing on March 25, 2015, the judge informed the parties that he had received a Bible from the respondent with his name inscribed on it, and that this would be ground for a motion to recuse.  The petitioner filed such a motion.  Although the judge indicated that he could remain impartial, he allowed the motion:

"based [on] the Court's belief that its impartiality might reasonably be questioned.  After a recess, and upon further consideration, the Court informed the parties that although it had allowed the Motion to Recuse, it was still going to rule on . . . [the petitioner's] Motion to Reconsider and his Motion for Relief from Judgment, and that the recusal would take effect after the [judge] ruled on those [m]otions.  Neither party objected. . . .

"The decision to rule on [the] Motions was made because the Court had already taken those matters under advisement, prior to recusal, and because the Court was very familiar with the parties and the substance of the Motions."

postjudgment order.[3]  See, e.g., <u>Raheman</u> v. <u>Raheman</u>, 59 Mass. App. Ct. 915, 917 (2003), cert. denied, 541 U.S. 1013 (2004) (reviewing postjudgment ruling denying motion for relief from judgment); <u>Rezendes</u> v. <u>Rezendes</u>, 46 Mass. App. Ct. 438 (1999) (same).  For that reason, the single justice neither erred nor abused her discretion in denying the G. L. c. 211, § 3, petition.

<u>Judgment affirmed</u>.

<u>Jeffrey M. Lasher</u>, pro se.

---

[3] It is not too late for the petitioner to pursue an appeal to a panel of the Appeals Court in accordance with the ordinary appellate process.  If a notice of appeal is filed with the Barnstable Division of the Probate and Family Court Department, see Mass. R. A. P. 4 (a), as amended, 464 Mass. 1601 (2013), not later than May 5, 2016, "one year from the date of entry of the . . . order sought to be reviewed," Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979), the petitioner may request the Appeals Court or a single justice of the Appeals Court to enlarge the time periods prescribed by the rules of appellate procedure.  See <u>Commonwealth</u> v. <u>White</u>, 429 Mass. 258, 263 (1999).  See also <u>Tisei</u> v. <u>Building Inspector of Marlborough</u>, 3 Mass. App. Ct. 377, 379 (1975).  We express no view on the merits of the Probate and Family Court judge's order denying relief from judgment, or the judge's decision to not recuse himself from ruling on the motion.