NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us.

SJC-12146
SJC-12147

KAVEH L. AFRASIABI  vs.  COMMONWEALTH.

Supreme Judicial Court, Superintendence of inferior courts.

May 3, 2017.

The petitioner, Kaveh L. Afrasiabi, is the defendant in a criminal case in the Cambridge Division of the District Court Department in which he is charged with criminal harassment in violation of G. L. c. 265, § 43A (a).  In response to certain actions and rulings in the trial court he filed two separate petitions in the county court pursuant to G. L. c. 211, § 3.  In the first petition, he asked the court "to order the removal" of the presiding trial court judge as well as the assistant district attorney representing the Commonwealth.  In the second, he asked the court to reverse several trial court rulings denying his motions for discovery.  The same single justice denied both petitions without a hearing, and Afrasiabi appeals.[1]

The two G. L. c. 211, § 3, petitions at issue here are the fourth and fifth such petitions that Afrasiabi has filed in the county court seeking extraordinary relief from interlocutory trial court rulings or otherwise related to ongoing trial court proceedings.  See Afrasiabi v. Commonwealth, 473 Mass. 1016, 1017 (2015); Afrasiabi v. Commonwealth, 466 Mass. 1007, 1007 (2013); Afrasiabi v. Rooney, 432 Mass. 1006, 1007 (2000).  In each of the previous cases, his petition was denied; he appealed

---

[1] Although the petitioner filed two separate G. L. c. 211, § 3, petitions in the county court resulting in two separate judgments by the single justice, the papers that he has filed in this court address the judgments together.  We do the same.

to the full court; the appeal was subject to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001); and Afrasiabi failed to comply with the rule.[2]  So too here.  As Afrasiabi is well aware, the rule requires that an appellant file "a memorandum of not more than ten pages . . . in which the appellant must set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2).  Although he has filed a document in this case entitled "memorandum," the document appears in all respects to be a brief.  Moreover, it utterly fails to address the single issue that is the focus of rule 2:21:  why review of the trial court rulings at issue here cannot adequately be obtained on appeal from a final adverse judgment.

Afrasiabi's failure to address the adequate alternative remedy issue is basis alone for us to "decline to disturb the single justice's judgment."  Afrasiabi v. Commonwealth, 473 Mass. 1016, 1017 (2015), citing Rasten v. Northeastern Univ., 432 Mass. 1003, 1003 (2000), cert. denied, 531 U.S. 1168 (2001). He fares no better on the merits in any event.  As to the denial of his motions for discovery, there is no reason why those rulings cannot be adequately addressed in an appeal from any adverse judgment.  See, e.g., Madison v. Commonwealth, 466 Mass. 1033, 1033 (2013), and cases cited.  Additionally, as far as his request for an order removing the presiding judge and the prosecutor, it is unclear from the record whether Afrasiabi has taken any action in the trial court related to these issues, such as filing a motion for the judge to recuse herself.  Even if he had, and even if such motion were denied, there is, again, no reason why the denial of any such motion could not be adequately addressed in a direct appeal from any adverse judgment.  See Bloise v. Bloise, 437 Mass. 1010, 1010 (2002), citing Doten v. Plymouth Div. of the Probate & Family Court Dep't, 395 Mass. 1001 (1985).

Given Afrasiabi's repeated petitions seeking relief in circumstances where he plainly has an adequate alternative remedy, as well as his repeated failure to comply with rule 2:21, we now place Afrasiabi on notice that any subsequent attempt to seek relief from this court pursuant to G. L. c. 211, § 3, that suffers from like deficiencies may result in action by

---

[2] Moreover, one of the previous G. L. c. 211, § 3, petitions involved the same underlying criminal case from which the current appeals stem.  See Afrasiabi v. Commonwealth, 473 Mass. 1016, 1016 (2015).

the court, including restriction of future filings.  See <u>Watson</u> v. <u>Walker</u>, 455 Mass. 1004, 1005 (2009).

<u>Judgments affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.

<u>Kaveh L. Afrasiabi</u>, pro se.