NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12104

SEVKET AKTAS  vs.  TINA AKTAS.


December 27, 2018.


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Civil, Notice of appeal.


     The petitioner, Sevket Aktas, appeals from a judgment of a single justice of this court denying his petition for extraordinary relief pursuant to G. L. c. 211, § 3.  We affirm.

     The petitioner was divorced from the respondent, Tina Aktas, pursuant to a judgment of divorce nisi entered February 7, 2011.  In May, 2011, the respondent filed a complaint for modification of child support in the Probate and Family Court, which was followed, in January of the following year, by a motion pursuant to Mass. R. Dom. Rel. P. 60(b) to set aside the property settlement in the divorce judgment.  A judge allowed both requests for relief, issuing a judgment dated December 27, 2013.

     The petitioner then made several pro se filings in the Appeals Court in an attempt to appeal from the judgment.  The first was treated as a motion to file a late notice of appeal, which was denied without prejudice.  The petitioner renewed the motion to file a late notice of appeal in his second filing in the Appeals Court, and a single justice of that court granted the motion, directing the petitioner "to file his notice of appeal in the Probate and Family Court on or before November 24, 2014."  However, rather than file a notice of appeal in the Probate and Family Court as directed, the petitioner made a third pro se filing in the Appeals Court on November 24, 2014, which consisted of a number of miscellaneous documents (but not a notice of appeal).  The Appeals Court clerk docketed the

miscellaneous materials, but notified the petitioner that the case was closed and that "[n]o action will be taken by the court on this or any future filing in this matter."

The petitioner then sought extraordinary relief from a single justice of this court pursuant to G. L. c. 211, § 3, which the single justice denied.

"It is incumbent on a party seeking exercise of this court's extraordinary power of general superintendence under G. L. c. 211, § 3, to demonstrate the absence or inadequacy of alternative means of redress." Lasher v. Leslie-Lasher, 474 Mass. 1003, 1004 (2016). The petitioner has failed to meet that burden here, where he had the opportunity to obtain review of the judgment of the Probate and Family Court judge in an appeal to a panel of the Appeals Court; was given leave by a single justice of the Appeals Court to file a late notice of appeal in the Probate and Family Court in order to avail himself of that remedy; yet failed to file a notice of appeal in the Probate and Family Court as directed, either within the time initially provided by the rules or within the extended time authorized by the Appeals Court single justice. See Mass. R. A. P. 3 (a), as amended, 378 Mass. 927 (1979) ("An appeal permitted by law from a lower court shall be taken by filing a notice of appeal with the clerk of the lower court . . ."); Mass. R. A. P. 4, as amended, 430 Mass. 1603 (1999) (defining time within which notice of appeal must be filed); Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979) (authorizing single justice of appellate court to extend time for filing notice of appeal). See also Lasher, supra (affirming denial of relief pursuant to G. L. c. 211, § 3, where adequate review of order denying relief from divorce judgment could be obtained "through the ordinary appellate process, in an appeal to a panel of the Appeals Court"); Cimini v. Cimini, 449 Mass. 1033 (2007) (affirming denial of relief pursuant to G. L. c. 211, § 3, where appropriate avenue for relief from interlocutory order of Probate and Family Court judge was "to appeal in the ordinary course from any final adverse judgment in the Probate and Family Court"). The single justice did not commit a clear error of law or abuse her discretion in denying relief.

Judgment affirmed.

Sevket Aktas, pro se.