NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReportersjc.state.ma.us

SJC-12646

JOSEPHINE GRECI  vs.  TRAVELERS INSURANCE COMPANY & another.[1]


January 13, 2020.


Supreme Judicial Court, Superintendence of inferior courts.
     Notice, Timeliness.  Practice, Civil, Notice of appeal.


     The plaintiff, Josephine Greci, filed papers in the county
court referencing G. L. c. 211, § 3, and seeking relief from an
order of a single justice of the Appeals Court denying her leave
to file a late notice of appeal more than one year after the
Department of Industrial Accidents (DIA) had approved a lump sum
agreement in her workers' compensation case.  A single justice
of this court denied relief without a hearing.  We affirm.

     Background.  This case arises out of a workers'
compensation proceeding before the DIA, which culminated in the
DIA's approval of a lump sum agreement on June 28, 2016.  See
G. L. c. 152, § 48.  Almost two years after the approval, Greci
moved that the DIA grant her an extension of time to appeal from
the approved lump sum agreement.  An administrative judge denied
Greci's motion.  He also denied a request for reconsideration.

     Greci next filed, in the Appeals Court, a "notice of
appeal" from the administrative judge's orders.  A single
justice of that court treated Greci's notice as a motion for
leave to file a late notice of appeal from the 2016 approved
lump sum agreement, and denied it as untimely.  See Mass. R. A.
P. 14 (b), as amended, 378 Mass. 939 (1979).[2]  Greco then filed

_____

     [1] VNA of Boston.

     [2] The rule provides in relevant part:  "neither the
appellate court nor a single justice may enlarge the time for

her papers in the county court seeking review, under G. L. c. 211, § 3, of the Appeals Court single justice's order.

Discussion. The court's extraordinary power of superintendence, pursuant to G. L. c. 211, § 3, is used sparingly. It is incumbent on a party who seeks such relief "to create a record -- not merely to allege but to demonstrate, i.e., to provide copies of the lower court docket entries and any relevant pleadings, motions, orders, recordings, transcripts, or other parts of the lower court record necessary to substantiate [her] allegations -- showing both a substantial claim of violation of a substantive right and that the violation could not have been remedied in the normal course of a trial and appeal or by other available means." Gorod v. Tabachnick, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998), and cases cited. The two pages Greci filed in the county court were inadequate to satisfy that burden. Among other things, she failed to provide any part of the record from the DIA or the Appeals Court, and she failed to allege, let alone demonstrate, the absence or inadequacy of alternative remedial routes. On that basis alone, the single justice correctly could have denied relief.

In addition, as we have often said, a single justice properly denies relief under G. L. c. 211, § 3, "where there are adequate and effective routes . . . by which the petitioning party may seek relief." Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996). See Lasher v. Leslie-Lasher, 474 Mass. 1003, 1004 (2016). The alternative remedy in this case is clear: Greci could have appealed to a panel of the Appeals Court from the Appeals Court single justice's order denying leave to file a late notice of appeal. See, e.g., Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975). We express no view as to the merits of any such appeal.

Judgment affirmed.

The case was submitted on briefs.
Josephine Greci, pro se.
Scott E. Richardson for the defendants.

---

filing a notice of appeal beyond one year from the date of entry of the judgment or order sought to be reviewed."