NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13362


        FERAHNAZ KAHYAOGLU  vs.  SILLARI ENTERPRISES LLC.


                    October 24, 2023.


Practice, Civil, Summary process, Stay of proceedings, Moot
     case.  Supreme Judicial Court, Superintendence of inferior
     courts.


     The petitioner, Ferahnaz Kahyaoglu, appeals from a judgment
of a single justice of this court denying her petition for
extraordinary relief pursuant to G. L. c. 211, § 3.  We dismiss
the appeal as moot.

     Judgment entered against Kahyaoglu in a summary process
action in the Housing Court.  In her petition to the single
justice of this court, Kahyaoglu specifically challenged the
denial of her motions to stay execution of that judgment on the
basis of purported illness.  Kahyaoglu moved the Housing Court
for this relief, and her motion was denied on November 29, 2022.
Kahyaoglu then sought a stay on the same ground from a single
justice of the Appeals Court pursuant to Mass. R. A. P. 6 (a),
as appearing in 481 Mass. 1608 (2019), and on November 30, 2022,
her motion was denied.  After that denial, Kahyaoglu petitioned
the single justice of this court.  The only relief she sought
from the single justice was a stay of execution from December 1,
2022, to December 5, 2022, on the basis of illness.

     Importantly, both parties represent in their briefs that
the eviction that Kahyaoglu sought to stay has already occurred.
Consequently, the matter is now moot.  See Lumber Yard
Northampton Ltd. Partnership v. Hudson, 490 Mass. 1030, 1030
(2022) ("Because it appears that the tenant no longer occupies
the subject premises, we agree that her request for a stay of
the eviction is moot"); Elgbe v. Pine St. Inn, Inc., 441 Mass.

1009, 1009 (2004) (holding that where tenant had been evicted, "the relief he desired -- a stay of that eviction -- ha[d] become moot"); Matter of an Appeal Bond (No. 2), 428 Mass. 1022, 1022 (1999).  Therefore, the instant appeal is hereby dismissed, as the court "can order no further effective relief" as to Kahyaoglu's requested stay (quotation and citation omitted). Lynn v. Murrell, 489 Mass. 579, 582 (2022).

Even if the appeal were not moot, however, we would affirm the single justice's denial of Kahyaoglu's petition brought under G. L. c. 211, § 3.  "Relief under G. L. c. 211, § 3, is properly denied where there are adequate and effective routes other than c. 211, § 3, by which the petitioning party may seek relief."  Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019 (1996).  Kahyaoglu's petition did not establish the absence or inadequacy of an alternative remedy.  See Lasher v. Leslie-Lasher, 474 Mass. 1003, 1004 (2016).  On the contrary, after her motions to stay were denied by the Housing Court and by a single justice of the Appeals Court, Kahyaoglu could have appealed from the latter denial to a panel of the Appeals Court pursuant to Mass. R. A. P. 15 (c), as appearing in 481 Mass. 1627 (2019), and Rule 15.0 (b) of the Rules of the Appeals Court, as appearing in 97 Mass. App. Ct. 1010 (2020).  See Linardon v. Boston Hous. Auth., 487 Mass. 1006, 1007 (2021); Kordis v. Appeals Court, 434 Mass. 662, 664-665 (2001).  Because this relief was available, the single justice of this court did not commit a clear error of law or abuse her discretion in denying relief under G. L. c. 211, § 3.  See Linardon, supra; Commonwealth v. Fontanez, 482 Mass. 22, 24 (2019).

Appeal dismissed.

The case was submitted on briefs.
Ferahnaz Kahyaoglu, pro se.
Keith B. Kenyon for the respondent.