NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13508

SHARON CAMMILLE RIDDICK  vs.  COMMONWEALTH.


February 23, 2024.


Supreme Judicial Court, Superintendence of inferior courts.



Sharon Camille Riddick appeals from a judgment of the
county court denying, without a hearing, her petition for relief
under G. L. c. 211, § 3.[1]  We affirm the judgment.

Riddick has been charged in the Boston Municipal Court
(BMC) with violating a harassment prevention order issued under
G. L. c. 258E.  Although she previously had appointed counsel,
she is currently representing herself.  Her motion to dismiss
was denied by a judge in the BMC.  Riddick filed several other
pretrial motions in the BMC, with varying degrees of success.
In her G. L. c. 211, § 3, petition, Riddick sought permission to
file an interlocutory appeal in her criminal case, apparently
intending to challenge one or more pretrial rulings made by a
judge of the BMC.[2]  In particular, she claimed that the judge

_____

[1] Riddick also moved for a stay of proceedings in the Boston
Municipal Court.  The single justice denied that motion.
Riddick has not sought a stay from the full court, although she
could have done so.  See Papp v. Commonwealth, 491 Mass. 1019,
1019 n.1 (2023), citing Neverson v. Commonwealth, 406 Mass. 174,
175 n.2 (1989).

[2] Before seeking relief under G. L. c. 211, § 3, Riddick
filed a petition seeking interlocutory review of the same
pretrial rulings in the single justice session of the Appeals
Court.  That petition was denied on the ground that the Appeals

abused his discretion by ruling against her motion for certain subpoenas and by allowing the Commonwealth to withhold exculpatory information.[3]  Riddick also requested that her criminal case be dismissed.[4]  A single justice of this court denied relief without a hearing.

Because Riddick is appealing from the denial of relief from a challenged interlocutory ruling of the trial court, she was obligated to file a memorandum and appendix "set[ting] forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."  S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001).  She did not file the required memorandum but simply filed a brief, in which she scarcely mentioned the existence of an alternative remedy.[5]  Nonetheless, it is clear on the record before us that Riddick cannot make the required showing, as the challenged pretrial rulings can be addressed on appeal from a final judgment if she is convicted.  See Afrasiabi v. Commonwealth, 477 Mass. 1001, 1002 (2017).  Similarly, as we have said many times, "[t]he denial of a motion to dismiss in a criminal case is not appealable until after trial, and . . . G. L. c. 211, § 3, may not be used to circumvent that rule."  Wallace v. Commonwealth, 492 Mass. 1012, 1012 (2023), and cases cited.  Because Riddick has an adequate remedy in the ordinary appellate process, the

---

Court single justice lacks jurisdiction over interlocutory criminal matters.

[3] It is unclear from the docket to which motions Riddick is referring.  It appears, however, that she is challenging rulings made at a hearing that took place on July 28, 2023, and a further order denying clarification of those rulings.  We express no view as to the correctness of any pretrial ruling or whether the Commonwealth was in possession of any exculpatory information sought by Riddick.

[4] In addition, Riddick made numerous factual allegations concerning certain judges of the BMC, a judge of the Housing Court, and an assistant district attorney, but, as far as we are able to discern, without requesting any particular relief related to those allegations.

[5] Riddick's failure to comply with S.J.C. Rule 2:21 presents a further reason not to disturb the judgment of the single justice.

single justice neither erred nor abused his discretion by denying extraordinary relief.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Sharon Cammille Riddick, pro se.