NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13849

KELECHI LINARDON  vs.  STAYBRIDGE SUITES.


March 2, 2026.


Supreme Judicial Court, Superintendence of inferior courts.
    Mandamus.  Practice, Civil, Transfer of action to Superior
    Court.



    The petitioner, Kelechi Linardon, appeals from a judgment
of a single justice of this court denying her petition for
relief in the nature of mandamus.  We affirm.

    In July 2025, RBP Hotel, LLC, doing business as Staybridge
Suites (Staybridge), commenced a summary process action against
Linardon in the Eastern Division of the Housing Court
Department.  On August 18, Linardon filed in the Housing Court a
notice purporting to effect the automatic transfer of the case
from the Housing Court to the Superior Court.  The notice also
requested that the record be assembled and transmitted to the
Superior Court.  A judge of the Housing Court denied the
transfer sought by the notice, and Linardon's case proceeded in
the Housing Court.

    In September 2025, Linardon petitioned a single justice of
this court, seeking relief in the nature of mandamus to compel
the Housing Court to transfer the case.  The single justice
remanded the matter to the Housing Court for the issuance of
written findings with respect to the denial of Linardon's August
18 notice.  In October 2025, the Housing Court judge issued
written findings as to his denial.  In his written findings, the
Housing Court judge surveyed the statutes relied on by Linardon,
as well as other potentially relevant statutes, and concluded
that there was no statutory right or other appropriate basis for

transferring the case to the Superior Court.[1]  After receiving
the written findings, the single justice denied Linardon's
requests for relief.[2]

We discern no abuse of discretion or error of law in the
single justice's denial without a hearing of Linardon's petition
for relief in the nature of mandamus.[3]  See Laura v. A Justice of
the Dist. Court Dep't, 496 Mass. 1030, 1031 (2025).  "Relief in
the nature of mandamus is extraordinary, and is granted in the

---

[1] The electronic docket for the underlying summary process
case reflects that since the commencement of this appeal,
summary judgment has entered in Staybridge's favor, granting
Staybridge possession, damages, and costs, and denying
Linardon's counterclaims.  See Donald v. Commonwealth, 494 Mass.
1016, 1017 (2024), citing Mushwaalakbar v. Commonwealth, 487
Mass. 627, 631-632 (2021) (court may take judicial notice of
docket entries).

[2] The single justice also denied the requests for relief in
Linardon's motion to stay proceedings, filed on September 26,
2025, and her motion to expedite and for an order to show cause,
filed on October 27, 2025.  The requests in those motions were
based on the same arguments advanced in Linardon's petition,
though in the latter motion, Linardon also sought an order to
show cause why the Housing Court judge should not be held in
contempt for allegedly failing timely to comply with the single
justice's deadline for issuing written findings.  For the
reasons discussed herein, Linardon's petition lacked merit, and
the single justice did not err or abuse his discretion in
denying these related motions.  We also note that although the
written findings were not filed in the county court until later,
they were dated timely, and the electronic docket in the
underlying Housing Court case reflects their timely issuance and
filing.

[3] The denial of Linardon's attempt to transfer the case was
an interlocutory ruling of the trial court.  Linardon therefore
should have filed a memorandum and appendix pursuant to S.J.C.
Rule 2:21, as amended, 434 Mass. 1301 (2001), which requires an
appellant to "set forth the reasons why review of the trial
court decision cannot adequately be obtained on appeal from any
final adverse judgment in the trial court or by other available
means."  See Commonwealth v. Monteiro, 492 Mass. 1013, 1014 n.3
(2023).  Given our disposition of the case, we do not rely on
this alternative procedural ground for denying relief.  See
Afrasiabi v. Rooney, 432 Mass. 1006, 1007 (2000).

discretion of the court where no other relief is available."
DeLong v. Register of Probate for Middlesex County, 495 Mass.
1031, 1032 (2025), quoting Murray v. Commonwealth, 447 Mass.
1010, 1010 (2006).  Here, Linardon has not shown that she could
not obtain review of the denial of her requested transfer on
appeal following final judgment or, if she wished, in a petition
to a single justice of the Appeals Court for interlocutory
relief under G. L. c. 231, § 118, first par.  See Foley v.
Commonwealth, 437 Mass. 1016, 1017 & n.4 (2002); Callahan v.
Superior Court, 410 Mass. 1001, 1001 (1991).

Moreover, "[a] request for relief in the nature of mandamus
is a call to a government official to perform a clear cut duty"
(quotation and citation omitted).  Padmanabhan v. Executive
Director of the Bd. of Registration in Med., 491 Mass. 1031,
1032 (2023).  Linardon's petition sought mandamus on the ground
that the Housing Court judge had a clear duty to transfer her
case, which duty, Linardon argued, was based on G. L. c. 212,
§ 4, and G. L. c. 231, § 103.  But the former does not provide
for any automatic transfer and only describes the jurisdiction
of the Superior Court.  See G. L. c. 212, § 4.  And the latter
specifies that it does not apply to summary process actions.
See G. L. c. 231, § 103 ("This section and sections one hundred
and four to one hundred and ten, inclusive, shall not apply to
actions or counterclaims under the provisions of [G. L.
c. 239]").  Linardon's petition therefore did not establish a
clear cut duty to transfer her case, and relief in the nature of
mandamus was inappropriate.

The judgment of the single justice is affirmed.  We
exercise our discretion to deny Staybridge's motion for
sanctions.  In that motion, Staybridge requested as relief that
an appeal bond be imposed and that Linardon be required to make
use and occupancy payments during the pendency of any appeal.
Since the commencement of this appeal, the Housing Court issued
judgment in favor of Staybridge and an order requiring an appeal
bond in the full amount of the underlying judgment.  Moreover,
use and occupancy payments previously were the subject of motion
practice in the underlying Housing Court case and may be
addressed there again should Linardon pursue any appeal from the
underlying judgment.  See Adjartey v. Central Div. of the Hous.
Court Dep't, 481 Mass. 830, 858-859 (2019) (Appendix).[4]

Judgment affirmed.

---

[4] Staybridge's motion for leave to file a supplemental
appendix, filed on December 17, 2025, is hereby allowed.

The case was submitted on briefs.

Kelechi Linardon, pro se.
Anthony J. Coletti for the respondent.