NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13868

HOLLY MAYFIELD  vs.  JOSEPH REARDON & others.[1]

April 13, 2026.

Supreme Judicial Court, Superintendence of inferior courts. Divorce and Separation, Relief from judgment.  Practice, Civil, Relief from judgment.

The petitioner, Holly Mayfield, appeals from the judgment of a single justice of this court denying without a hearing her petition pursuant to G. L. c. 211, § 3, seeking extraordinary relief.  We affirm.

Mayfield was the defendant in a divorce proceeding brought by respondent Joseph Reardon in the Probate and Family Court.[2] On September 12, 2024, a judgment of divorce nisi entered, and Mayfield subsequently noticed her appeal.  On September 19, 2024, she moved for permission to file a motion for relief from judgment, and she filed a copy of the proposed motion as well (September 2024 motion).[3]  On October 17, 2024, Mayfield was granted permission to file the September 2024 motion, but the docket does not reflect that it was ever decided.  In the September 2024 motion, Mayfield sought to vacate a prior order

_____

[1] George Asack, Jr.; Irena Wallach Inman; and a justice of the Probate and Family Court Department.

[2] The divorce proceeding had been consolidated with a complaint for separate support.

[3] Mayfield represents that in February 2023, an order issued requiring her to file such motions for leave to make filings in the action.

appointing a guardian ad litem, and she disputed that she should have to pay certain of the guardian's fees.

On Reardon's motion, a judge of the Probate and Family Court amended the judgment on April 1, 2025, to provide terms under which a special master would assist with placing for sale the parties' former marital home. Mayfield noticed her appeal from the amended judgment, and she moved to alter and then for relief from the amended judgment. These motions were denied. In one of these postjudgment motions, filed May 28, 2025, Mayfield again argued that the appointment of the guardian was improper, and she challenged the requirement that she pay a portion of the guardian's fees (May 2025 motion).

In November 2025, Mayfield petitioned a single justice of this court for extraordinary relief pursuant to G. L. c. 211, § 3, asking the single justice for relief from the amended judgment, recusal of the Probate and Family Court judge who amended the judgment, transfer of the divorce proceeding to a different county, a stay of the underlying divorce proceeding pending resolution by the Appeals Court of her pending appeals, direct appellate review by this court, and costs and fees in connection with her petition. While Mayfield acknowledges that her appeal has been entered with respect to the amended judgment, she believes the failure of the Probate and Family Court judge to rule on the September 2024 motion has prevented her from filing a separate appeal as to the initial judgment of divorce.

The single justice denied Mayfield's petition without reaching its merits on the ground that Mayfield had an adequate alternative remedy in the ordinary course of appeal, and he also denied both parties' requests for fees. Mayfield thereafter moved for reconsideration, arguing that she was unable to pursue an appeal because the Probate and Family Court judge had not ruled on the September 2024 motion. The single justice denied her motion for reconsideration.

Presently before this court is Mayfield's appeal from the judgment of the single justice. Mayfield has filed a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). Rule 2:21 does not apply here, however, because Mayfield is challenging a final judgment. See Kim v. Newton Hous. Auth., 493 Mass. 1029, 1030 (2024).

Nevertheless, Mayfield is not entitled to relief because, as the single justice concluded, she had an adequate alternative

remedy in the ordinary course of appeal.  See, e.g., Goodwin v. Commonwealth, 483 Mass. 1011, 1012 (2019).  "In cases such as this one, where the single justice exercises discretion not to reach the merits of a petition, . . . the full court asks only whether the single justice abused his or her discretion in making that decision" (quotation and citation omitted).  Boone v. Commonwealth, 494 Mass. 1011, 1012-1013 (2024).  "The single justice is not required to become involved if the petitioner has an adequate alternative remedy . . . ."  Commonwealth v. Fontanez, 482 Mass. 22, 24 (2019).

Here, Mayfield can appeal from the final judgment, that is, from the amended judgment of divorce.[4]  See Aktas v. Aktas, 481 Mass. 1018, 1019 (2018).  Indeed, she has done so. Nevertheless, Mayfield asserts that the Probate and Family Court judge's failure to rule on her September 2024 motion has prevented her from effecting an appeal from the initial judgment.  Even so, Mayfield may file a further[5] postjudgment motion in the Probate and Family Court seeking a ruling on her September 2024 motion, and she may appeal from any adverse decision on such a motion.  See Lasher v. Leslie-Lasher, 474 Mass. 1003, 1004 (2016).  "We trust that" if such a motion "is []filed now, it will be docketed and promptly acted on." Skandha v. Clerk of the Superior Court for Civil Business in Suffolk County, 472 Mass. 1017, 1019 (2015).  To the extent that Mayfield is required to seek leave to file such a motion, we trust that it will be freely and promptly given.  See id.

In sum, Mayfield has adequate alternative remedies in the ordinary course of appeal, and the single justice did not err or abuse his discretion in denying Mayfield's petition.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.
Holly Mayfield, pro se.

---

[4] As to Mayfield's request for direct appellate review, the proper procedure for such an application is described in Mass. R. A. P. 11, as appearing in 481 Mass. 1620 (2019).

[5] On August 25, 2025, Mayfield filed a motion in the Probate and Family Court seeking assembly of a record despite the pendency of the September 2024 and May 2025 motions, and the May 2025 motion was denied the next day.